IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIRAM LEBRON FIGUEROA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-6598 |
| | : | |
| J.A. ECKARD, et al. | : | |

FILED
JUN 0 6 2016
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**ORDER**

AND NOW, this 6th day of June, 2016, upon careful and independent consideration of Petitioner Hiram Lebron Figueroa's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell and Figueroa's objections thereto, it is ORDERED:

1. Figueroa's objections (Document 17) are OVERRULED;[1]

---

[1] In his habeas petition, Figueroa raises a single claim of ineffective assistance of counsel, alleging his trial counsel induced him to plead guilty to the charges against him in three separate criminal cases by erroneously advising him that although his plea agreements called for an aggregate minimum sentence of eight years, he could be placed in a pre-release center after serving only four years. Figueroa previously raised this claim in Post Conviction Relief Act (PCRA) proceedings in state court. Following an evidentiary hearing at which Figueroa, his trial counsel, and two of his family members testified, the PCRA court denied the claim, finding that, contrary to Figueroa's assertions, his trial counsel gave him competent advice about his pre-release options.

At the evidentiary hearing, the PCRA court heard conflicting testimony as to whether Figueroa's trial counsel had advised him he would be eligible for pre-release after serving four years of his sentence. Trial counsel testified he would never give a client a specific timeframe in which the client would be eligible for a pre-release program, and did not give Figueroa a specific timeframe, as eligibility for such programs was up to the Department of Corrections and was thus beyond his control. Counsel also stated he had reviewed the plea agreements, guilty plea colloquy, and sentencing guidelines worksheets with Figueroa, and informed Figueroa that he was ineligible for a reduced minimum sentence under the Recidivism Risk Reduction Initiative (RRRI) program. Figueroa, his wife, and his brother each testified that trial counsel had told Figueroa he could get out of prison after four years. Based on its observation of the witnesses at the hearing and other evidence in the record, the PCRA court found Figueroa's counsel's testimony "credible and consistent" and found the testimony of the other witnesses "contradictory and disjointed." Resp. to Pet. for Writ of Habeas Corpus Ex. Z (PCRA Op.), at 9.

2.  The Report and Recommendation (Document 13) is APPROVED and ADOPTED;

---

The PCRA court noted, for example, that Figueroa's own testimony contradicted statements he made during the guilty plea hearing, where he indicated he understood that, under the terms of his plea agreement, he would be taken into custody for a minimum of eight years and was RRRI-ineligible. On appeal, the Superior Court affirmed the denial of Figueroa's PCRA petition based on the PCRA court's findings.

As explained in the Report and Recommendation, because Figueroa's habeas petition presents a claim that was adjudicated on the merits in state court, this Court may grant relief only if the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (noting § 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)"). Upon review of the record, the Magistrate Judge found the state court reasonably concluded Figueroa's counsel's representation during the plea stage was constitutionally adequate under the *Strickland v. Washington* standard. The Magistrate Judge therefore recommends Figueroa's habeas petition be denied.

In his objections to the Report and Recommendation, Figueroa presses his contention that his trial counsel "absolutely, without doubt, did advise [him] that if [he] entered a guilty plea that [he] would not spend more than four (4) years in prison before being released to a 1/2 way house or community release center," and that, had he known he would have to spend a full eight years in prison before he could be considered for parole, he would not have entered a guilty plea. Pet'r's Objs. 2. The PCRA court, however, rejected the premise of this claim, crediting Figueroa's counsel's testimony that he would not have given Figueroa a precise timeframe for when he would be eligible for pre-release over Figueroa's testimony to the contrary, a finding the Superior Court affirmed. Figueroa has not shown—and after reviewing the transcript of the evidentiary hearing on Figueroa's PCRA petition and the trial and appellate court opinions on the petition, the Court cannot conclude—the state court's resolution of this disputed factual issue was unreasonable in light of the evidence presented in the PCRA proceedings. *See Wood v. Allen*, 558 U.S. 290, 301 (2010) (noting unreasonableness in this context requires more than that reasonable minds reviewing the record might disagree about the finding in question). Likewise, Figueroa has not shown the state court's rejection of Figueroa's ineffective assistance of counsel claim is contrary to or an unreasonable application of *Strickland*. Accordingly, Figueroa's objections to the Report and Recommendation are overruled.

3. Figueroa's Petition for Writ of Habeas Corpus (Document 8) is DENIED without an evidentiary hearing; and

4. Figueroa having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

_/s/ Juan R. Sánchez_
Juan R. Sánchez, J.